IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-377-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CHRISTOPHER MANDY HOLDER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court on July 2, 2020, for administrative telephonic conference on trial scheduling.

At teleconference, the court advised defendant that trial of this matter was required to be conducted not later than July 6, 2020, pursuant to the Speedy Trial Act of 1974, as amended, 18 U.S.C. § 3161(c)(1). The court may exclude from speedy trial computation "[a]ny period of delay resulting from a continuance granted by any judge on [her] own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In granting a continuance under the "ends of justice" provision, the court must make findings based on a nonexhaustive list of factors, such as the complexity of the case and the time reasonably required by the parties to prepare. See 18 U.S.C. § 3161(h)(7)(B).

At conference, the court inquired how much time defense counsel and counsel for the government reasonably required to effectively prepare for trial, considering the due diligence of the parties and any complexities in the case. The court further inquired whether there were any

other reasons that proceeding to trial by July 6, 2020, would be likely to make continuation of trial impossible or result in a miscarriage of justice. Counsel for defendant provided that defendant needed an additional period of time to continue adequate preparations, securing witnesses, and ensuring counsel's presence. Counsel for the government concurred in this assessment. The court identified no reason to believe that counsel for both sides has not been diligent in their trial preparation.

Accordingly, taking the parties' responses into account, jury trial of estimated length of three days is set to commence at New Bern on October 21, 2020, with counsel and defendant appearing in court at 9:00 a.m. Not later than October 14, 2020, the parties shall file their proposed jury instructions and voir dire, if any. The court finds that the ends of justice served by this continuance outweigh the best interests of the public and the defendant in a speedy trial.

SO ORDERED, this the 6th day of July, 2020.

LOUISE W. FLANAGAN
United States District Judge

2